# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, TENNESSEE
## AT: DANRIDGE

OSCAR CABRERA,

    Plaintiff,

v.

Docket No. 26501-I

LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.

    Defendant.

## COMPLAINT

Plaintiff states as follows:

1. Plaintiff OSCAR CABRERA is a citizen and resident of Belleville, NJ.

2. Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. ("Defendant") is a for-profit corporation and may be served with process through its registered agent C T Corporation System, 300 Montvue Road, Knoxville, TN 37919.

3. At all times relevant to the matters alleged herein, Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. owned, operated, or both, store #306 located at 1058 Deep Springs Rd, Dandridge, TN 37725 (hereafter the "Premises").

4. At all times relevant to the matters alleged herein, Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. was responsible for maintaining the Premises.

5. At all times relevant to the matters alleged herein, the individuals who maintained the Premises were employees, agents, or both, of Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.

1

6. At all times relevant to the matters alleged herein, Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. owed a duty to members of the public, including Plaintiff, to maintain the Premises in a safe condition free of hazards, to inspect the Premises for hazards, and to make safe or adequately warn against known hazards occurring on the Premises.

7. At all times relevant to the matters alleged herein, the Premises was in an unreasonably dangerous and substandard condition.

8. At all times relevant to the matters alleged herein, the unreasonably dangerous and substandard condition at the Premises was caused by the negligent maintenance of Defendant, acting through its employees, agents, or both.

9. On October 15, 2019 Plaintiff OSCAR CABRERA suffered a fall caused by uneven pavement in the parking lot on the Premises and suffered injuries.

10. Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., through its employees, agents, or both, negligently failed to maintain the Premises in a reasonably safe condition.

11. Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., through its employees, agents, or both, negligently allowed a dangerous and substandard condition to exist at the Premises when Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. knew, or in the exercise of reasonable care should have known, that the uneven pavement created an unreasonable risk of harm to those at the Premises.

12. Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. through its employees, agents, or both, negligently created the dangerous and substandard condition at the Premises that caused Plaintiff to be injured.

13. Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. through its employees, agents, or both, negligently failed to remedy the dangerous and substandard condition at the Premises that caused Plaintiff to be injured.

14. Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. through its employees, agents, or both, negligently failed to warn Plaintiff of the dangerous and substandard condition at the Premises.

15. Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. through its employees, agents, or both, negligently failed to otherwise exercise reasonable care with respect to the matters alleged herein.

16. Plaintiff has suffered injuries as a direct and proximate result of Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC's negligence.

17. Plaintiff has incurred medical bills and other expenses as a direct and proximate result of Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.'s negligence.

18. Plaintiff has endured physical pain and mental suffering as a direct and proximate result of Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.'s negligence.

19. Plaintiff has suffered loss of enjoyment of life as a direct and proximate result of Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.'s negligence.

20. Plaintiff has suffered lost wages, loss of earning capacity, or other out of pocket expenses, or some combination thereof, as a direct and proximate result of Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.'s negligence.

21. Plaintiff seeks to recover for all her damages allowed under Tennessee law.

WHEREFORE, Plaintiff OSCAR CABRERA prays for the following relief:

1. A judgment for compensatory damages against Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. in an amount to be determined by the trier of fact, but in excess of $25,000;

2. An award of all discretionary costs and court costs; and

3. Such other and further relief as shall be deemed reasonable, just, and necessary.

Respectfully submitted,

James P. McNamara, BPR#018127
MORGAN & MORGAN – NASHVILLE, PLLC
810 Broadway, Suite 105
Nashville, Tennessee 37203
(615) 514-4206
jmcnamara@forthepeople.com
*Attorney for Plaintiff*

4

*Def Copy*

**OSCAR CABRERA** Vs. **LOVE'S TRAVEL STOPS & COUNTRY STORES, INC**

Served On: Defendant LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.

Registered Agent: C T Corporation System    via Knox County Sheriff: 300 Montvue Road, Knoxville, TN 37919

You are hereby summoned to defend a civil action filed against you in Circuit Court for Jefferson County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 10/8/2020

Clerk / Deputy Clerk

Attorney for Plaintiff:    James P. McNamara, #18127

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

### CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____    _____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____    By: _____
Please Print: Officer, Title

Agency Address    Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____    _____
Notary Public / Deputy Clerk (Comm. Expires)    _____

Signature of Plaintiff    Plaintiff's Attorney (or Person Authorized to Serve Process)
**(Attach return receipt on back)**

ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____

Rev. 03/11